ALSEA VALLEY ALLIANCE and Mark Sehl, Plaintiffs,

v.

Donald L. EVANS, Secretary of United States Department of Commerce; National Marine Fisheries Service; Penelope Dalton, NMFS Director; and William Stelle, NMFS Regional Director for the Northwest Region, Defendants.

No. 99–6265–HO.

United States District Court, D. Oregon.

May 11, 2001.

---

Robin L. Rivett, Timothy Harris, Anne M. Hayes, Russell C. Brooks, Pacific Legal Foundation, Bellevue, WA, John M. Groen, Stephens & Klinge, Bellevue, WA, for plaintiffs.

Michael A. Gheleta, Department of Justice, Environmental & Nat. Res. Div., Sacramento, CA, Jean E. Williams, Department of Justice, Environmental & Nat. Res. Div., Washington, DC, Samuel D. Rauch, III, U.S. Dept. of Justice, Wildlife & Marine Resources Section, Washington, DC, for defendants.

## ORDER

HOGAN, Chief Judge.

Currently before the court is defendants' motion (# 85) to strike the declaration of James E. Lannan or, in the alternative, to submit the declaration of Laurie A. Weitkamp.

### BACKGROUND

On August 10, 1998, the National Marine Fisheries Service ("NMFS") published its final rule listing the "naturally spawned" Oregon Coast coho salmon as "threatened" pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, et seq. Plaintiffs filed this action to challenge the listing because NMFS did not include "hatchery spawned" coho salmon in the listing. Plaintiffs allege that the NMFS errored by distinguishing between "hatchery spawned" and "naturally spawned" coho salmon for purposes relevant to the ESA.

As part of this action defendants filed the complete, certified administrative record ("Record") that provided the basis for the agency action. The Record is extensive, consisting of twenty-four volumes of documents detailing the administrative process.

In support of plaintiff's pending motion for summary judgment, plaintiff filed the declaration of James E. Lannan dated November 30, 2000 (the "Lannan Declaration").[1] Defendants seek to strike the

---

1. Mr. Lannan holds an M.A. in Zoology, an M.A. in Molecular Biology and Genetics from the University of California at Santa Barbara, and a Ph.D. in Fisheries from Oregon State University. Mr. Lannan served on the faculty of the Department of Fisheries and Wildlife at

Lannan Declaration or, in the alternative, to submit the declaration of Laurie A. Weitkamp (the "Weitkamp Declaration") for the same purposes and to the same extent as the Lannan Declaration.

## DISCUSSION

"When a plaintiff challenges a final agency action, judicial review normally is limited to the administrative record in existence at the time of the agency's decision." *Friends Of The Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir.2000) (internal citations omitted). Therefore, the agency is only required to "justify its final action by reference to the reasons it considered at the time it acted." *Id.* However, the Ninth Circuit has allowed judicial review of final agency decisions beyond the record under the following four circumstances:

(1) if necessary to determine 'whether the agency has considered all relevant factors and has explained its decision;'

(2) 'when the agency has relied on documents not in the record;'

(3) 'when supplementing the record is necessary to explain technical terms or complex subject matter.'

(4) 'when plaintiffs make a showing of agency bad faith.'

*Southwest Center For Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1450 (9th Cir.1996) (internal citations omitted).

Here, defendants argue that the Lannan Declaration should be stricken because it is outside the scope of the Record and thus should not be part of this court's review. However, plaintiffs contend that the administrative record is "complex and extensive" and that the Lannan Declaration was submitted "in order to facilitate the

[c]ourt's analysis and understanding of the basis for [d]efendants' decision and its legality under the [ESA]." (Plt.s' Resp. to Mot. to Strike pg. 1.) Plaintiffs contend that the Lannan Declaration does not rely on materials outside of the Record but merely "summarizes and explains the original record ... and offers no post-record rationalizations." *Id.* at 2. I disagree with plaintiffs' characterization of the Lannan Declaration.

■ Plaintiffs' argument most closely resembles the third exception outlined in *Southwest Center, supra,* that judicial review of final agency decisions may expand beyond the record " 'when supplementing the record is necessary to explain technical terms or complex subject matter.' " *Southwest Center,* 100 F.3d at 1450. However, a party may not circumvent the general rule, that judicial review is limited to the administrative record, by simply labeling a declaration as "assisting the court." The declaration must be examined to determine whether it truly assists the court in understanding technical or complex matters or merely attempts to argue the sufficiency of the record. Those portions of the declaration that perform the latter function, naturally fall outside the Record and should be stricken.

■ When reviewing the Lannan Declaration it becomes evident that instead of assisting the court by "explaining" technical or complex subject matter contained in the Record, Lannan submits his interpretation, opinion and argument of what ultimate conclusions the Record can and cannot support. This material falls outside the record and must be stricken. For example, paragraph 5 of the Lannan Declaration states "I find no evidence in the administrative record that indicates that

Oregon State University from 1969 to 1992 and retired with the rank of Professor of Fisheries. Mr. Lannan claims to have studied

Pacific salmon including Oregon coastal coho salmon for many years.

Oregon coastal hatchery populations of coho salmon are reproductively isolated from naturally spawning populations and [sic] strong inference that they are not." (Lannan Dec. ¶ 5.) This is Lannan's scientific and expert opinion of the record, not an explanation of technical or complex material contained in the record. Other examples include:

[h]atchery produced and naturally spawning coho are the same taxanomic species. Any observer skilled in the use of taxanomic keys would find hatchery coho and 'wild' coho to be taxanomically identical (Lannan Decl. ¶ 6.);

the data [relied upon by the agency] are incomplete, statistically imprecise, and provide at best a fragmentary and incomplete picture of genetic variation in this ESU (Lannan Decl. ¶ 13.);

there is no evidence in the administrative record that indicates that naturally spawned coho salmon occupy unique habitat that would distinguish them from hatchery produced coho salmon. (Lannan Decl. ¶ 17.)

Essentially, the entire Lannan Declaration is replete with expert opinion and argument that falls outside the record. In addition, the Lannan Declaration refers to material that has not yet been published, material that is clearly outside of the record and this court's review. (Lannan Decl. ¶ 22.) (citing to a "manuscript in review").

■ The distinction between an affidavit that "explains" complex and technical material as compared to an affidavit that characterizes the record with new expert opinion is critical. The former is allowed where the latter is not. This conclusion is formed by the guiding principle that "the function of the district court is to determine whether or not as a matter of law the evidence *in the administrative record* permitted the agency to make the decision it did." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir.1985) (emphasis added). In other words, the administrative record stands or falls on its own. Where an "explanation" of complex material naturally assists the court in its understanding of the record *as it stands,* expert opinion regarding the sufficiency of the record takes on independent evidentiary value of its own and naturally falls outside the record because the expert opinion was not before the agency prior to its final determination.

This is what plagues the Lannan Declaration. Mr. Lannan presents to the court his newly formed expert opinion regarding the sufficiency of the final agency determination. Instead of assisting the court, the Lannan Declaration presents expert opinion and argument that characterizes the record for the court. This material holds independent evidentiary value and is inadmissible because it falls outside the record. In other words, defendants did not have the value of Mr. Lannan's expertise available to them prior to making its final determination. Although Mr. Lannan may be correct, that is not for the court to determine. The issue is whether the agencies decision can withstand scrutiny based on the information it had at the time the decision was made. *See Friends Of The Clearwater,* 222 F.3d at 560. The Lannan Declaration falls outside the scope of this narrow determination.

## CONCLUSION

Defendants' motion to strike (# 85) the Lannan Declaration is granted. In addition, defendants' request to submit the Weitkamp Declaration is denied.

IT IS SO ORDERED.